John Paul ANDERSON, Appellee,

v.

STATE OF SOUTH CAROLINA and the Attorney General of the State of South Carolina, Appellants.

No. 82–6546.

United States Court of Appeals, Fourth Circuit.

Argued March 11, 1983.

Decided June 23, 1983.

Brian P. Gibbes, Sr. Asst. Atty. Gen., Columbia, S.C. (Daniel R. McLeod, Atty. Gen., Columbia, S.C., on brief), for appellants.

Betty M. Sloan, Columbia, S.C., for appellee.

Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

South Carolina appeals from a judgment of the district court granting a writ of habeas corpus to John Paul Anderson.[1] The district court found that Anderson was denied due process because the prosecutor at his murder trial withheld specifically and generally requested materials in violation of *United States v. Augers,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm.[2]

Anderson was convicted in 1965 of murdering his wife. The prosecution's theory was that Anderson held his wife under water and drowned her. The state's evidence was circumstantial, so to support its theory it relied heavily on bruise marks on the victim's upper arms, which it contended were inflicted when she was drowned.

---

1. *Anderson v. South Carolina,* 542 F.Supp. 725 (D.S.C.1982).

The district court originally granted a writ to Anderson on February 1, 1974. On appeal, this court vacated the judgment for failure to exhaust state remedies. *Anderson v. South Carolina,* No. 74–1225 (4th Cir. Sept. 27, 1974) (unpublished). Thereafter Anderson filed a petition for a writ of habeas corpus in South Carolina state court, which was granted. *Anderson v. Leeke* (Court of Common Pleas for the County of Charleston, July 8, 1977) (unpublished).

The South Carolina Supreme Court reversed. *Anderson v. Leeke,* 271 S.C. 435, 248 S.E.2d 120 (1978). Anderson then filed this petition. During the course of this litigation, Anderson was paroled.

2. South Carolina has moved to amend the record to include a partial transcript of testimony taken at a habeas corpus hearing brought by another prisoner in an unrelated case. We deny the motion, but even if the testimony is considered it is of no probative value.

During the trial, the state elicited uncontradicted testimony which created an inference that the bruises on the victim were made at the time of death.

However, the autopsy report, which Anderson's counsel specifically requested, and two police investigation reports, which Anderson's counsel generally requested, contained statements that the bruises were not inflicted immediately prior to death and may have been several days old. Although the prosecutor had the reports, Anderson's counsel never received them and did not learn of their existence until 1973. South Carolina asserts, however, that the autopsy report was a public record equally available to Anderson, thereby relieving the prosecution of any responsibility to furnish it to Anderson's counsel even upon request.

■ The state's contention does not require reversal of the district court. First, the state's argument ignores the police investigation reports which were withheld from Anderson's counsel and which never have been characterized as public records. The withholding of these reports, after Anderson's counsel made a general request that included them, is sufficient to sustain the district court's judgment.

■ Second, the findings of the state habeas court do not support the state's argument that the autopsy report was a public record equally available to Anderson. The state court held:

In this case, there was a request and the evidence was not made available. The question of whether or not the autopsy report was in fact a matter of public record, readily available to the defense, turns on the accepted practice in Charleston County between attorneys, the Solicitor's Office, and the coroner. The coroner did not testify in the District Court proceedings. Defense counsel testified as to the longstanding practice of obtaining such documents from the office of the Solicitor and counsel would have no reason to believe that the practice would not be honored in the instant case.

*Anderson v. Leeke,* slip op. at 4 (Court of Common Pleas for the County of Charleston, July 8, 1977) (unpublished). The evidence also disclosed that the prosecution instructed all investigators not to turn over any materials to Anderson's counsel. The state habeas court found that this "instruction to all investigators indicates complete control of the disclosure of any evidence to the defense by the office of the Solicitor. If the autopsy report was a matter of public record, there would be no reason for the State to refuse to forward to the defense, upon request, a copy of the report ...." *Id.,* slip op. at 4–5. The state court concluded that "[t]o allow the testimony of the witnesses as to the bruise marks to go uncontradicted was manifestly unfair and deprived [Anderson] of a fair and impartial trial so as to violate [Anderson's] Constitutional right to due process." *Id.,* slip op. at 6.

On appeal from the state court's grant of the writ, the South Carolina Supreme Court stated that "[t]here is no reason why [Anderson] could not have procured the [autopsy] report from the doctor as easily as from the office of the solicitor." *Anderson v. Leeke,* 271 S.C. 435, 248 S.E.2d 120, 122 (1978). In light of the state habeas court's findings, we cannot accept the state's argument that the South Carolina Supreme Court's statement is a finding of fact that is binding on the district court. *See* 28 U.S.C. § 2254(d)(8).

■ Finally, a third independent ground requires affirmance of the district court's judgment. It has been held in this circuit that "there is no general 'public records' exception to the *Brady* rule...." *Chavis v. North Carolina,* 637 F.2d 213, 225 (4th Cir.1980).

Accordingly, we agree with the district court that the specifically requested autopsy report, if disclosed, "might have affected the outcome of the trial" and that the generally requested police reports, if disclosed, might have "create[d] a reasonable doubt that did not otherwise exist ...." *Augers, supra,* 427 U.S. at 104, 112, 96 S.Ct. at 2397, 2402. The judgment is affirmed for the

reasons adequately stated by the district court.

AFFIRMED.